UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. 6:18-cv-00397-PGB-KRS

BILL COONEY,

          Plaintiff,

v.

COLLEGIATE PREP REALTY, LLC d/b/a
WINDERMERE PREPARATORY
SCHOOL,

          Defendant.

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Defendant Viking Holding Company, LLC (incorrectly identified as Collegiate Prep Realty, LLC d/b/a Windermere Preparatory School) ("Defendant") and Plaintiff Bill Cooney ("Plaintiff") (together, the "Parties"), by and through the undersigned counsel and under Rule 41 of the Federal Rules of Civil Procedure and Local Rule 3.01, jointly present this Motion for Approval of FLSA Settlement. In support of the Motion, the Parties state:

### BACKGROUND

1. Plaintiff began working for Defendant as a maintenance manager in August 2011, and worked in that capacity until October 6, 2017.

2. Plaintiff filed a Complaint on February 7, 2018, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2018-CA-001339-O, captioned *Bill Cooney v. Collegiate Prep Realty, LLC d/b/a Windermere Preparatory School*.

3. The Complaint alleged Defendant failed to compensate Plaintiff with an overtime premium for all hours worked over forty (40) per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA Claim"). The Complaint brings no other cause of action.

4. Because the Complaint presented a federal question, Defendant timely removed the action to this Court under 28 U.S.C. §§ 1441 and 1446. (ECF 1).

5. In his Verified Answers to this Court's Interrogatories, Plaintiff claimed that he worked approximately four hours of overtime per workweek and that he was owed $20,558.

6. Defendant answered the Complaint on March 22, 2018, and denied the allegations of the Complaint, including, without limitation, that it had failed to compensate Plaintiff with an overtime premium for all hours worked over forty (40) hours each week and, even if it did, that it acted willfully or without good faith reliance on the orders, rulings, regulations, and interpretations of the United States Department of Labor. Defendant denies that Plaintiff worked any uncompensated overtime hours and that, even if he did, Plaintiff's damages calculations are erroneous in that the fluctuating workweek method should apply because Plaintiff's salary was intended to compensate Plaintiff for all hours worked, whether many or few.

7. The question of Plaintiff's overtime hours worked was strongly contested by Defendant, particularly Plaintiff's estimate that he worked four hours of overtime per week.

8. Using the fluctuating workweek method and even assuming a three-year lookback and that Plaintiff worked all of the hours that he was claiming, and liquidated damages[1], Defendant contends that Plaintiff could be entitled to no more than $12,398.80[2].

---

[1] Defendant denies it willfully violated the FLSA and, therefore, a two-year statute of limitations should apply.

[2] $51,000 per year salary / 52 weeks = $980.00 per week / 44 hours allegedly worked per week = $22.29 regular rate x .5 fluctuating workweek overtime premium = $11.15 per overtime hour x 4 hours overtime per week = $44.60 overtime per week x 139 weeks worked = $6,199.40 x 2 liquidated damages = $12,398.80.

9. Despite these factual and legal defenses and after several settlement discussions, the Parties have determined to resolve this action to eliminate the inherent risks and uncertainty of litigation.

10. Counsel for the Parties have engaged in substantive settlement discussions and have agreed to resolve the FLSA Claim and related state-law wage claims for a total payment of $19,800.00 to Plaintiff reportable as wages owed, and $9,200.00 will be paid to Plaintiff's counsel for his fees and costs.

11. The Parties jointly represent that the $19,800.00 to be paid Plaintiff represents full compensation of wages allegedly owed to Plaintiff without compromise of the amount and including alleged liquidated damages.  Additionally, the Parties jointly represent that they negotiated separately the $9,200.00 to be paid Plaintiff's counsel for his fees and costs.

12. In exchange for this consideration, the Parties have negotiated a Settlement Agreement attached as **Exhibit A**, the negotiated terms of which provide for Plaintiff's release of the FLSA Claim and related state-law wage-and-hour claims, and for the dismissal of this action upon the Court's approval.

13. The Parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the claims and defenses in this action and make recommendations for resolving the FLSA Claim and related state-law wage-and-hour claims.

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, a compromise of claims under the Fair Labor Standards Act (the "FLSA") must be supervised by the Secretary of Labor or approved by a district court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *see* 29

U.S.C. § 216(c). Under *Lynn's Food Stores*, a district court must determine that the compromise is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Id.* at 1354. If the court determines that the comprise is fair and reasonable, it should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*

In deciding whether a compromise is fair and reasonable under *Lynn's Foods* and the FLSA, Florida district courts consider: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense and expected duration of the litigation; (3) the stage of the proceedings and amount of discovery completed; (4) the probability of plaintiff's success; (5) the range of possible recovery; and (6) the opinions of counsel. *See, e.g.*, *Roman v. FSC Clearwater, LLC*, No. 16-cv-969, 2017 U.S. Dist. LEXIS 66536, at *3 (M.D. Fla. Apr. 21, 2017), *report and recommendation adopted by*, 2017 U.S. Dist. LEXIS 65957 (M.D. Fla. May 1, 2017). When an FLSA settlement "reflects a reasonable compromise of . . . FLSA claims that are actually in dispute," the court should approve the settlement. *Id.* Such decisions advance the "strong presumption in favor of finding a settlement fair." *Matallana v. McDonald's Corp.*, No. 09-cv-90, 2009 U.S. Dist. LEXIS 137211, at *2 (Dec. 10, 2009).

Even so, where, as here, a plaintiff receives full compensation without compromise in exchange for settling FLSA claims, the reviewing court need not scrutinize the settlement to determine its fairness. *See, e.g.*, *Cruz v. Bradford Tri-County Mktg.*, No. 15-cv-353, 2016 U.S. Dist. LEXIS 14251, at *2 (M.D. Fla. Feb. 5, 2016) (providing that where parties advised that they had resolved plaintiff's claims "in full without compromise," the court "need not review and approve the settlement for fairness"). Instead, the reviewing court should affirm the settlement without a thorough review. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D.

Fla. 2009) ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement.").

Plaintiff and Defendant have jointly stipulated that Defendant will, under the Settlement Agreement attached as **Exhibit A**, fully pay Plaintiff all wages he alleges are owed without compromise and with accounting for liquidated damages. (*Supra* ¶ 8). Because Plaintiff acknowledges he is receiving full payment for his FLSA claims and there is no compromise, this Court "need not scrutinize" the Settlement Agreement. *See, e.g.*, *Boehne v. Easy Credit Auto Sales, Inc.*, No. 10-cv-860, 2010 U.S. Dist. LEXIS 109124, at *4-5 (M.D. Fla. Sept. 24, 2010) (granting motion to approve settlement agreement), *report and recommendation adopted by*, 2010 U.S. Dist. LEXIS 109130, at *1 (Oct. 12, 2010).

Even if this Court were to review the Settlement Agreement, those terms comply in full with the requirements of *Lynn's Food Stores* and the FLSA. Plaintiff's counsel here negotiated terms of resolution that secure full compensation allegedly owed to Plaintiff—without compromise and accounting for liquated damages—in return for a narrow release of the FLSA Claim and related state-law wage claims. Counsel for the Parties have experience in wage and hour matters and view the resolution of this matter a reasonable and fair outcome for both Parties. Finally, the Parties negotiated separately the amount of attorney's fees and costs payable to Plaintiff's counsel by Defendant. Counsel for the Parties stipulate that this amount is just and reasonable under the circumstances. Accordingly, the settlement reached in this matter, as memorialized in the Settlement Agreement attached as **Exhibit A**, reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Davis v. Staramba Corp.*, No. 15-cv-1936, 2016 U.S. Dist. LEXIS 62347, at *4-5 (M.D. Fla. Apr.

19, 2016), *report and recommendation adopted by*, 2016 U.S. Dist. LEXIS 62348 (M.D. Fla. May 11, 2016).  As a result, the Parties request that the Court approve their Settlement Agreement.

## CONCLUSION

For the above reasons, the Parties request that the Court enter an order: (1) approving the Settlement Agreement resolving Plaintiff's FLSA Claim and releasing related state-law wage claims; and (2) dismissing this action with prejudice.

This 11th day of September, 2018.

| | |
|---|---|
| /s/ Nader S. Raja<br>Nader S. Raja<br>Florida Bar No. 102803<br>***MOORE & VAN ALLEN PLLC***<br>100 North Tryon Street, Suite 4700<br>Charlotte, North Carolina 28202-4003<br>Telephone:  (704) 331-1000<br>Facsimile:   (704) 331-1159<br>naderraja@mvalaw.com<br><br>***ATTORNEYS FOR DEFENDANT*** | /s/ Matthew K. Fenton<br>Matthew K. Fenton<br>***WENZEL FENTON CABASSA, P.A.***<br>1100 North Florida Avenue, Suite 300<br>Tampa, FL 33602<br>mfenton@wfclaw.com<br><br>***ATTORNEYS FOR PLAINTIFF*** |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing **JOINT MOTION TO APPROVE FLSA SETTLEMENT** was electronically filed with the Clerk of Court using the CM/ECF system, and was served on counsel for Plaintiff via email and United States Mail by placing same in a first-class postage prepaid envelope, addressed as follows:

>
> Matthew K. Fenton
> WENZEL FENTON CABASSA, P.A.
> 1100 North Florida Avenue, Suite 300
> Tampa, FL 33602
> mfenton@wfclaw.com
>
> ***ATTORNEYS FOR PLAINTIFF***

This the 11th day of September, 2018.

>>> /s/ Nader S. Raja
>>> Nader S. Raja