## RELEASE AND SETTLEMENT AGREEMENT

This **SETTLEMENT AND RELEASE AGREEMENT** (the "Agreement") is entered into by and between Bill Cooney, his heirs, successors, assigns, executors and representatives of any kind, if any (collectively, the "Plaintiff"), and Viking Holding Company, LLC, its parents, subsidiaries, and affiliates, including Nord Anglia Education Ltd. and Collegiate Prep Realty, LLC d/b/a Windermere Preparatory School (collectively, the "Defendant") (Plaintiff and Defendant are together referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiff was employed by Defendant from August, 2011 until October 6, 2017;

**WHEREAS**, Plaintiff has asserted claims against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") in the case captioned <u>BILL COONEY V. COLLEGIATE PREP REALTY, LLC D/B/A WINDERMERE PREPARATORY SCHOOL</u>, initially in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, with Case No. 2018-CA-001339-O, and subsequently removed to the United States District Court for the Middle District of Florida, Civil Action No. 6:18-cv-00397-PGB-KRS (the "Action");

**WHEREAS**, Plaintiff and Defendant have been represented by legal counsel of their choice in the Action;

**WHEREAS**, Defendant denies liability and any wrongdoing with respect to Plaintiff, his employment, compensation, or any actions it has taken relating to Plaintiff, and to the extent that liability might be found, Defendant denies that liquidated damages would be appropriately awarded to Plaintiff;

**WHEREAS**, although neither Plaintiff nor Defendant abandons any position taken in the Action, Plaintiff and Defendant believe that continued litigation with respect to Plaintiff's claims raised in the Action would be protracted, expensive, and contrary to their best interests;

**WHEREAS**, Plaintiff and Defendant have reached agreement to settle the Action, along with all FLSA and related state-law wage-and-hour claims Plaintiff may have against Defendant, including but not limited to those brought in the Action;

**WHEREAS**, Plaintiff has voluntarily agreed to dismiss the Action, and any related matters with prejudice;

**WHEREAS**, Plaintiff will be fully compensated for all unpaid wages he contends he is owed by Defendant, including but not limited to all overtime premiums, an amount for liquidated damages for which Plaintiff alleges he is entitled, and an amount representing Plaintiff's attorney's fees and costs as set forth in further detail herein;

**WHEREAS**, the amount of compensation representing Plaintiff's attorney's fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff under this Agreement;

1

WHEREAS, the Parties consider this settlement and the terms of this Agreement reasonable in light of the nature of the allegations raised in the Action, the risks inherent in litigation, and the stage of the proceedings of the Action; and

WHEREAS, Plaintiff understands and acknowledges that, by entering into this Agreement, he is waiving and releasing his right to recover the damages claimed in the Action.

NOW, THEREFORE, in consideration of the foregoing and of the terms, conditions and agreements hereinafter set forth, Plaintiff and Defendant agree as follows:

1. **Recitals**. The Recitals are true and correct and are incorporated into this Agreement.

2. **Payment to Plaintiff**. Defendant, in consideration of Plaintiff's releases and other promises in this Agreement, agrees to pay to Plaintiff, in care of Plaintiff's counsel, a one-time lump sum gross amount of Nineteen Thousand Eight-Hundred Dollars and 00/100 Cents ($19,800.00), less deductions and withholdings required by law (the "Settlement Sum"). Such payment will be paid by Defendant on the next regularly scheduled payroll date that is at least ten (10) days after the Court has approved this settlement to dismiss the Action. The Settlement Sum will be paid in two checks. One check for Nine Thousand Nine-Hundred Dollars and 00/100 Cents ($9,900.00) of the Settlement Sum shall be allocated for the settlement of Plaintiff's alleged unpaid wages and is therefore subject to applicable taxes and withholdings, for which Plaintiff will receive a Form W-2. One check for Nine Thousand Nine-Hundred Dollars and 00/100 Cents ($9,900.00) of the Settlement Sum shall be allocated for the settlement of Plaintiff's alleged liquidated damages, for which Plaintiff will receive a Form 1099-MISC and from which no withholdings or deductions will be made. The payments of the Settlement Sum shall be sent via overnight courier with a tracking number to Wenzel Fenton Cabassa, P.A. c/o Matthew K. Fenton, 1100 North Florida Avenue, Suite 300, Tampa, Florida 33602 on or before the above-specified dates.

3. **Payment to Plaintiff's Counsel**. Defendant, in consideration of Plaintiff's releases and other promises in this Agreement, agrees to pay to Plaintiff's Counsel, Wenzel Fenton Cabassa, P.A., the total sum of Nine Thousand Two-Hundred Dollars and 00/100 Cents ($9,200.00) for reasonable attorney's fees and costs (the "Fees"). Such payment of the Fees will be paid by Defendant on the next regularly scheduled payroll date that is at least ten (10) days after the Court has approved this settlement to dismiss the Action. The Fees are allocated for the settlement of Plaintiff's claimed statutory attorney's fees, for which Defendant will issue a Form 1099-MISC to each of Plaintiff and to Wenzel Fenton Cabassa, P.A. The monthly payments of the Fees shall be sent via overnight courier with a tracking number to Wenzel Fenton Cabassa, P.A. c/o Matthew K. Fenton, 1100 North Florida Avenue, Suite 300, Tampa, Florida 33602 on or before the above-specified dates.

4. **Contingent Agreement**. This Agreement is contingent on the Court dismissing with prejudice all of Plaintiff's claims raised in the Action.

5. **Release of Claims**. Plaintiff hereby releases and forever discharges Defendant and Defendant's affiliates, related entities, predecessors, successor, shareholders, directors, officers, members, attorneys, and employees from any and all Fair Labor Standards Act claims and any

similar Florida state law or local law claims regarding payment of compensation, including wage and hour claims, arising prior to or through the date they execute this Agreement, including without limitation the claims raised in the Action and the right to demand compensation, benefits, damages, penalties, attorneys' fees, costs, or expenses of any kind for the claims released herein (the "Released Claims"). Plaintiff represents that he has not assigned, given, or sold any portion of any of the Released Claims to anyone else. Plaintiff understands and acknowledges that the benefits set forth in Paragraphs 2 and 3 is adequate consideration for the Released Claims and Plaintiff's covenants herein. The Release of Claims do not under any circumstances discharge the obligations of the Parties contained in this Agreement or release the Parties from any claims or liability arising from or related to performance under this Agreement.

6. **No Admission of Liability**. The Parties agree that this Agreement does not constitute an admission by Defendant that any action it took with respect to Plaintiff was wrongful, unlawful, or in violation of any statute, law, or regulation. Instead, this Agreement is entered into by Plaintiff and Defendant solely for the purpose of compromise and to avoid the further cost of litigation.

7. **Responsibility for Attorneys' Fees**. It is agreed that Plaintiff's Fees, which were negotiated separately from and outside of Plaintiff's recovery for the Settlement Sum are fair, reasonable, and adequate, and it is expressly contemplated that the payments to be made under Paragraph 3 above include all of Plaintiff's attorney's fees, costs, and other expenses relating to the Released Claims. Defendant shall not be responsible for any attorney's fees or costs other than those set forth in Paragraph 3 above.

8. **Attorney's Fees and Costs for Breach of This Agreement**. Defendant and Plaintiff agree that in any action arising from or relating to enforcement of any provision of this Agreement, the party who prevails on any or all issues presented shall be entitled to recover the party's reasonable attorney's fees and expenses, including attorney's fees and costs incident to appeal, without invalidating this Agreement.

9. **The Parties Additional Affirmations**. Plaintiff affirms as follows:

(a) Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against Defendant in any forum or form, except the Action as described above.

(b) The Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state, or local government agency.

(c) Plaintiff specifically affirms that he understands that nothing in this Agreement shall be construed to prohibit Plaintiff from communicating with, filing a charge or complaint with, or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Equal Employment Opportunity Commission, the Florida Commission on Human Relations, the Securities and Exchange Commission, or any other federal, state or local agency charged with enforcement of any laws. However, to the extent permitted by law, Plaintiff agrees that if a charge or complaint is filed or made,

he shall not be entitled to recover any individual monetary relief or other individual remedies.

10. **Applicable Law, Choice of Forum, Submission to Jurisdiction.** This Agreement shall be governed and interpreted by the law of the State of Florida without regard to its conflicts of law principles. Any action to enforce this Agreement shall be brought in any state or federal court of competent jurisdiction embracing Orange County, Florida. The Parties hereby submit to personal jurisdiction in state and federal courts sitting in Orange County, Florida and waive any venue or forum non conveniens objections and any objections based on lack of personal jurisdiction.

11. **Entire Agreement.** This Agreement constitutes and contains the entire agreement between the Parties concerning the subject matter of this Agreement and supersedes all prior negotiations, agreements, or understandings between the parties concerning any of the provisions of this Agreement. Each of the Parties represents and acknowledges that in executing this Agreement, he or it has not relied upon any representation or statement not set forth herein made by another party or by any of the other parties' agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement or otherwise. If the Release of Claims set forth in Paragraph 5 of this Agreement is challenged by Plaintiff or by anyone on behalf of Plaintiff and are found to be unenforceable by any court or tribunal of competent jurisdiction, then this Agreement will be null and void and Plaintiff will return the amounts paid to them hereunder. Except as set forth above, should any other provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

12. **Final Release.** The Parties understand this Agreement contains a final release for the Released Claims occurring through the date of execution of this Agreement. Plaintiff agrees that he is entering into this Agreement knowingly and voluntarily and without any coercion. Plaintiff further acknowledges that he has consulted with his attorneys prior to signing this Agreement. Plaintiff also acknowledges that he has had a reasonable period of time within which to consider this Agreement prior to signing it.

13. **Binding Effect.** This Agreement shall bind and benefit the heirs, personal representatives, administrators, successors, affiliates, and assigns of the Parties.

14. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same agreement. Any photocopy of the executed original or of any counterpart shall be deemed to be an original for any and all purposes. The Parties also agree that the executed counterparts may be delivered to the other Parties by facsimile transmission and/or e-mail, the copy of which shall be deemed an original copy.

This Agreement is made subject to approval by the United States District Court for the Middle District of Florida.

BILL COONEY

_signature_

Date: 12 SEPT, 2018

VIKING HOLDING COMPANY, LLC

By: _Spadilla_

Name: Sara Padilla

Title: HR DIRECTOR